UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTEGRATED GLOBAL CONCEPTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> j2 GLOBAL, INC. and ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br> Defendants. | Case No. C-12-03434-RMW <br><br> **ORDER DENYING MOTION TO STRIKE JURY TRIAL DEMAND AND DENYING MOTION TO CONSOLIDATE** <br><br><br> [Re Docket Nos. 67, 68] |

Defendants j2 Global, Inc. and Advanced Messaging Technologies, Inc. (collectively "j2") move to strike plaintiff Integrated Global Concepts, Inc.'s ("IGC") demand for a jury trial in the subject action in which IGC seeks damages for the alleged breach of a covenant not to sue in an agreement containing a jury trial waiver. The issue before the court is whether California law, which prohibits pre-dispute jury waivers, should govern when the agreement at issue contains a jury waiver, which, if applied, would result in the loss of the right to a jury. For the reasons explained below, the court finds California law applies and denies j2's motion to strike.

# I. BACKGROUND

IGC filed a complaint on July 2, 2012 against j2 for allegedly breaching a covenant not to sue by bringing patent infringement claims against IGC in the Central District of California. Compl. ¶¶ 87-99, Dkt. No. 1. IGC bases its claims on an "Agreement of Understanding," which the parties had previously entered and which contains a covenant not to sue. *Id*. ¶¶ 1, 24; Agreement ¶¶ 4-7, Dkt. No. 67-1, Ex. A. The Agreement also contains a jury trial waiver and a California choice of law provision. Agreement ¶¶ 27.7-27.8.

On April 1, 2013, IGC filed a jury demand and on April 12, 2013, j2 answered IGC's complaint, filed counterclaims for patent infringement, and demanded a trial "by jury of all issues so triable." Dkt. Nos. 42, 43. On May 3, 2013, IGC filed its answer to j2's counterclaims and set forth its own set of counterclaims, and demanded a jury trial for all counts set forth in plaintiff's complaint and counterclaims. Pl.'s Answer, Dkt. No. 45. j2 now moves to strike IGC's demand for a jury trial on the issues related to the alleged breach of the covenant not to sue. *See* Def.'s Mot., Dkt. No. 67.

The court previously instructed the parties to prepare a proposed discovery plan leading up to an evidentiary hearing (trial) to resolve the scope of the covenant not to sue. This order also bifurcated the contract interpretation issue from the issue of the amount of damages causally related to the alleged breach. IGC now moves to re-consolidate the contract issues. *See* Pl.'s Mot. Dkt. No. 68.

# II. ANALYSIS

## A. Motion to Strike

A party generally has a right to a jury trial. U.S. Const. amend. VII; Cal. Const. art. I § 16. Under federal law, parties may contractually waive their right to a jury trial if they do so knowingly and voluntarily. *See Applied Elastomerics, Inc. v. Z-Man Fishing Products*, Inc., 521 F. Supp. 2d 1031, 1044 (N.D. Cal. 2007). Under California law, however, a contractual pre-dispute jury trial waiver is invalid. *See Grafton Partners L.P. v. Superior Court*, 36 Cal. 4th 944, 961 (2005). As a general principle, courts "must indulge every reasonable presumption against the waiver of the jury trial." *United States v. Nordbrock*, 941 F.2d 947, 950 (9th Cir. 1991).

Generally, in diversity actions, federal law governs the right to a jury trial in federal court. *See Simler v. Conner,* 372 U.S. 221, 221–22 (1963) (holding federal law governed whether an action was legal or equitable and thus whether there was a right to a jury trial). In the subject Agreement of Understanding, the parties contractually agreed to waive a jury trial *and* that the Agreement "shall be governed by and construed in accordance with the internal laws of the State of California." Agreement ¶ 27.7. Thus, the question before the court is whether to apply federal law or California law to the jury waiver in the parties' Agreement. If federal law applies, the jury waiver is likely valid,[1] but if California law applies it is not.

Many courts (and j2) cite the Supreme Court's broad language in *Simler* that "the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions" and thus apply federal law to contractual jury waivers. 372 U.S. at 222; *see, e.g., Merrill Lynch & Co. v. Allegheny Energy, Inc*., 500 F.3d 171, 188 (2d Cir. 2007) ("When asserted in federal court, the right to a jury trial is governed by federal law," but "a contractual waiver is enforceable if it is made knowingly, intentionally, and voluntarily."); *Med. Air Tech. Corp. v. Marwan Inv., Inc.*, 303 F.3d 11, 18 (1st Cir. 2002) ("In a diversity jurisdiction suit, the enforcement of a jury waiver is a question of federal, not state, law."); *K.M.C. Co., Inc. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir. 1985) ("the question of right to jury trial is governed by federal and not state law" and "parties to a contract may by prior written agreement waive the right to jury trial"); *see also Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir. 1986) ("the seventh amendment right is of course a fundamental one, but it is one that can be knowingly and intentionally waived by contract.") .

On the other hand, courts tend to apply state law to jury waivers when state law is more protective of the right to a jury than federal law. *See Fin. Tech. Partners L.P. v. FNX Ltd.,* 2009 WL 464762, at *1–2 (N.D. Cal. Feb. 24, 2009) (applying California law to hold a jury waiver unenforceable in a contract with a California choice-of-law provision); *Odom v. Fred's Stores of Tennessee, Inc.,* 2013 WL 83023 (M.D. Ga. Jan. 7, 2013) (applying Georgia law to void contractual jury waiver); *GE Commercial Fin. Bus.*, 621 F. Supp. 2d 1305, 1307 (M.D. Ga. 2009) (striking jury

---

[1] The court would still have to determine that the waiver was knowingly and voluntarily executed.

ORDER
Case No. C-12-03434-RMW
SW / AAB

- 3 -

demands based upon pre-dispute contractual waiver where Florida law applied, but finding jury waivers unenforceable where contracts were governed by Georgia law).  Although Illinois allows contractual waiver of jury trials, the Seventh Circuit still found that state law governed jury trial waivers because there is no federal law of contracts.  *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 992 (7th Cir. 2008) (Easterbrook, J.) ("[t]here is no general federal law of contracts after *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); if 'federal law' did control, the best it could do would be to use state law as the rule of decision.").

Nearly all states, except Georgia and California, allow contractual waiver of jury trials.  *See GE Commercial Fin. Bus.*, 621 F. Supp. 2d at 1308; *Grafton Partners L.P. v. Superior Court*, 36 Cal. 4th 944, 968 (2005) (Chin, J. concurring).  The application of federal law to contractual jury waivers in most states protects the right to a jury trial because federal law requires that the waiver be knowing and voluntary.  *GE Commercial Fin. Bus.*, 621 F. Supp. 2d at 1308-09.  However, the application of federal law to a contractual jury waiver where California law would otherwise apply would restrict the right to a jury trial because federal law is less protective than California law.  *Id.*  In *GE Commercial,* the court reasoned that because state law, at minimum, had to meet the federal constitutional requirement for jury waiver, courts should apply the federal standard where the state standard was lower.  *Id.*  But, a finding that the same federal constitutional requirement also requires that federal law be applied where state law is more protective would require finding the Constitution protected the *forfeiture* of a jury trial.  *Id.* at 1309.

In *Financial Technology Partners*, the only California case to directly address this issue, the court declined to enforce a jury trial waiver because it found that the reason underlying *Simler's* holding that federal law applied to determine jury trials was based upon a public policy preference for jury trials, which did not apply where state law was more protective.  *Fin. Tech. Partners*, 2009 WL 464762, at *2; *see Simler,* 372 U.S. at 222 ("federal policy favoring jury trials is of historic and continuing strength."); *but see Telum, Inc. v. E.F. Hutton Credit Corp.* 859 F.2d 835, 837 (10th Cir. 1988) ("Agreements waiving the right to trial by jury are neither illegal nor contrary to public policy").  The court in *Financial Technology Partners* also reasoned that its ruling did not undermine uniformity in enforcing the Seventh Amendment—another concern in *Simler*—because

it was merely enforcing California law and the California constitution. *Fin. Tech. Partners*, 2009 WL 464762, at *2; *see Simler,* 372 U.S. at 222 ("Only through a holding that the jury trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved."). The court concluded that because courts "must indulge every reasonable presumption against the waiver of the jury trial" it should honor the parties' choice of law provision and hold the jury waiver unenforceable. *Fin. Tech. Partners*, 2009 WL 464762, at *2 (quoting *Nordbrock*, 941 F.2d at 950); *see also Odom* 2013 WL 83023, at *2 (concluding, when confronted with the same issue that "when faced with an ambiguous situation without clear precedent, it is preferable to favor the preservation of rights as opposed to the extinction of rights.").

j2 only cites one California case, *Applied Elastomerics*, where the court clearly found that California law applied to the contract, but still applied federal law to the contractual jury waiver. 521 F. Supp. 2d at 1035, 1044. However, in *Applied Elastomerics* the conflict between the choice of law provision and the jury waiver was apparently not raised.

Although the law is not clear and j2 makes a reasonable argument in support of enforcing the jury waiver contained in the parties' Agreement of Understanding, the court finds the reasoning of *Financial Technology Partners* more persuasive. Therefore, the court applies California law to the contractual jury waiver. Because California law does not allow pre-dispute jury waivers, the court denies j2's motion to strike.

### B. Motion to Consolidate

The court previously bifurcated this case by ordering a limited evidentiary hearing (*i.e.* trial) on the issue of the scope of the covenant not to sue contained in the Agreement of Understanding based upon its belief that bifurcation could potentially expedite the resolution of the case and avoid the practical difficulties and potential jury confusion that could result from trying the contract interpretation issue with the damages issue. The court has not changed its view, and, therefore, denies the motion to re-consolidate.

### III.  ORDER

For the foregoing reasons the court DENIES j2's motion to strike IGC's request for a jury trial and DENIES IGC's motion to consolidate.

Dated: October 15, 2013



Ronald M. Whyte
United States District Judge