**United States District Court**
For the Northern District of California

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| INTEGRATED GLOBAL CONCEPTS, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> j2 GLOBAL, INC. and ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br> Defendant and Counterclaimant. | Case No.: C-12-03434-RMW <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND GRANTING DEFENDANT'S MOTION FOR ENTRY OF PREVIOUSLY AGREED PROTECTIVE ORDER** <br><br> **(Re: Docket Nos. 73 and 74)** |

Defendant and Counterclaimants j2 Global, Inc. and Advanced Messaging Technologies, Inc. (collectively "j2") move to compel Plaintiff and Counterclaim-Defendant Integrated Global Concepts, Inc. ("IGC") to produce documents related to seven of j2's initial requests for production.[1] In addition, j2 moves for entry of a previously-agreed protective order.[2]

Having considered the parties' papers and arguments the court GRANTS j2's motion to compel, and GRANTS j2's motion to entry of a previously-agreed protected order.

---

[1] *See* Docket No. 73.

[2] *See* Docket No. 74.

1

Case No.: 5:12-cv-03434-RMW
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

## I. BACKGROUND

The court draws the following facts from Plaintiff's complaint, and takes them as true for purposes of the pending motions.

IGC and j2 entered into a non-exclusive licensing agreement in order to effectuate a transfer of IGC's customer base to j2.[3] The parties entered into an "Agreement of Understanding"[4] that included a "Release" of "all [existing] claims" in relation to the assets provided to j2 by IGC.[5] In addition to the "Release" the "Agreement of Understanding" included a "Covenant" where j2 would not "institute or maintain against" IGC "any action or proceeding" related to IGC's equipment, software, services, or other assets provided to j2 by IGC.[6]

On April 20, 2012, j2 sued IGC in the Central District of California for various violations of the original agreement. On July 2, 2012, IGC filed this suit against j2 for breach of the covenant not to sue.[7] On August 5, 2013, the court issued a scheduling order bifurcating the contract interpretation issue from the other issues in the case.[8] On September 17, j2 filed the two motions currently pending before the court: a motion to compel further responses and document production[9] and a motion for entry of a previously agreed protective order, so that document production may proceed.[1]

---

[3] *See id.* at ¶ 11-31.

[4] *Id.* at ¶ 32.

[5] *Id.* at ¶ 33.

[6] *Id.* at ¶ 34.

[7] *See* Docket No. 1.

[8] Docket No. 66 at ¶ 1-2 ("The contract interpretation issue is bifurcated and will be tried before other issues. The court confirmed that such limited bifurcation is what it previously had intended and that it did not intend to bifurcate any issues other than the interpretation issue.").

[9] *See* Docket No. 7.

2
Case No.: 5:12-cv-03434-RMW
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[10] "Relevance for purposes of discovery is defined very broadly."[11] If a party facing a discovery deadline is waiting for documents in response to a document request, the party may immediately move to compel production of the documents.[12] On a motion to compel, the party seeking to compel discovery has the initial burden of "establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)."[13] "In turn, the party opposing discovery has the burden of showing that the discovery should not be allowed, and also has the burden of clarifying, explaining or supporting its objections with competent evidence."[14]

## III. DISCUSSION

### A. Motion to Compel

j2 asserts that the requests for production at issue here are relevant to supporting j2's claims for the contractual interpretation of the "Agreement of Understanding." The parties do not dispute that the productions are permissible under the rules; they simply disagree as to when that production will be appropriate. Judge Whyte has made it clear that such productions are only necessary at this phase of the litigation if they will are necessary to contract interpretation claims.[15] Succinctly, then, the issue before the court is whether IGC's source code is relevant to the

---

[10] Fed. R. Civ. P. 26(b).

[11] *See Garneau* v. *City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998).

[12] *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

[13] *See* Fed. R. Civ. P. 26(b)(1); *see Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).

[14] *See Louisiana Pacific Corp.* v. *Money Market 1 Institutional Investment Dealer*, 2012 WL 5519199, at *3 (N.D. Cal. Nov. 14, 2012); *United States v. Warner*, Case No. 11–04181-LB, 2012 WL 6087193, at *3 (N.D. Cal. Dec. 6, 2012).

[15] *See* Docket Nos. 77, 20:4-20:15, 23:1-23:2, 83.

Case No.: 5:12-cv-03434-RMW
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

interpretation of the original agreement.

IGC has repeatedly asserted that MaxEmail functions now exactly as it did at the time the Release was signed.[16] It has relied on those assertions in making substantive and dispositive motions to the court. Judge Whyte relied on those assertions in making his decision on j2's Rule 12(b)(6) motion.[17] In making these assertions and allowing these reliances, IGC has put the developmental state of its product at issue in the contract interpretation phase of the litigation. It would therefore be manifestly unjust to deny j2 the opportunity to probe the factual basis of IGC's assertions, once they have been put at issue. j2's motion to compel is GRANTED.

### B. Motion For Entry of Previously Agreed Protective Order

At the hearing, the only disputed issue regarding the protective order was where the source code would be produced, if and when such production was required.[18] Because the case is pending in the Northern District of California, and because both parties have representatives in the Northern District, the source code shall be produced in the Northern District of California according to the deadlines set forth in the scheduling order and subject to the other terms of the proposed protective order.[19]

### IV. CONCLUSION

Defendant's Motion to Compel is GRANTED. Defendant's Motion for Entry of Previously Agreed Protective Order is GRANTED, with source code production to occur in this district.

**IT IS SO ORDERED.**

Dated: December 13, 2013

*/s/ Paul S. Grewal*

PAUL S. GREWAL
United States Magistrate Judge

---

[16] *See* Docket No. 73.

[17] *See* Docket No. 52.

[18] *See* Docket No. 84.

[19] *See* Docket No. 66.

4
Case No.: 5:12-cv-03434-RMW
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL