**United States District Court**
**For the Northern District of California**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| INTEGRATED GLOBAL CONCEPTS, INC.,        ) | Case No. 5:12-cv-03434-RMW (PSG) |
| )                            | |
| Plaintiff and Counterclaim Defendant,  )                            | **ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL** |
| )                            | |
| v.                                                              )                            | |
| )                            | **(Re: Docket No. 105)** |
| j2 GLOBAL, INC. and ADVANCED        ) | |
| MESSAGING TECHNOLOGIES, INC.,      )                            | |
| )                            | |
| Defendant and Counterclaimant.      )                            | |
| )                            | |

Plaintiff Integrated Global Concepts, Inc. seeks additional documents and deposition time from Nicholas Morosoff. Morosoff is the former General Counsel of Defendant j2 Global, Inc. Morosoff has asserted privilege over various documents he kept in his possession after he left j2 and as he continued to provide advice to j2 to help the new General Counsel get up to speed. IGC disputes that any privilege properly applies, and urges that even if it does, that privilege was waived by virtue of the document access enjoyed by Morosoff's next and current employer, CIM Group.

j2 has the better of the argument on privilege.

1

Case No. 5:12-cv-03434-RMW (PSG)
ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL

First, although it bears the burden of establishing privilege, j2 has met that burden. California law governs whether j2's documents are protected by the attorney-client privilege.[1] Here, IGC claims breach of a contract that expressly selects California law as the applicable law. Morosoff's post-employment agreement with j2 makes clear that Morosoff was providing legal advice,[2] and under California law, communications in the course of the attorney-client relationship are presumed confidential for privilege purposes.[3] In any event, Morosoff has tendered a log in which he assert that each document at issue reflected that legal advice. Because IGC has not challenged that log, j2's actions are sufficient.

Second, Morosoff did not waive the privilege merely by storing the disputed documents on the worksite of his current employer. Morosoff has kept the documents on a password-protected hard drive, and there is no evidence that anyone at CIM other than Morosoff had access to, much less actually accessed, the privileged documents, and Morosoff's uncontradicted, sworn statements establish the contrary.[4] While Morosoff appears to have kept copies of the documents on CIM's network for archival purposes, attorney-client communications do not lose their privileged character "for the sole reason that [they are] communicated by electronic means or because persons involved in the delivery, facilitation, or storage of electronic communications may have access to the content of the communication[s]."[5] As such, there has been no disclosure and consequently no

---

[1] *See* Fed. R. Evid. 501 ("in a civil case, state law governs privilege regarding a claim or a defense for which state law supplies the rule of decision."); *Theme Promotions, Inc. v. News Am. Mktg., FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) (citing *Star Editorial, Inc. v. U.S. Dist. Ct.*, 7 F.3d 856, 859 (9th Cir. 1993) (stating that in a civil action in which state law provides the rule of decision, the privilege of a witness shall be determined in accordance with state law.)).

[2] *See* Docket No. 135-1. The court notes j2's untimely submission of this agreement, but nevertheless considers it in the interest of getting this dispute resolved without further delay.

[3] *See* Cal. Evid. Code § 917(a); *Estate of Kime v. Barnard*, 144 Cal. App. 3d 246, 256 (1983).

[4] *See* Docket No. 111-1 at ¶ 6.

[5] Cal. Evid. Code § 917(b).

2

Case No. 5:12-cv-03434-RMW (PSG)
ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL

waiver. Even if Morosoff had disclosed j2's privileged documents, he could not have waived j2's attorney-client privilege. Only the holder of the privilege can waive it and that the client, not the attorney, holds the attorney-client privilege.[6] j2's post-employment agreement with Morosoff makes clear it has not waived its rights.[7]

As for IGC's separate request for a further deposition of Morosoff, IGC has identified various topics for which Morosoff clearly was not prepared. For example, Morosoff was not prepared to testify about what the terms in the disputed Release mean.[8] Morosoff did not even know who drafted the Release, the subject matter of the patent claims in dispute, or even who most of the players in this case were.[9] He did not know if j2 informed IGC regarding the patents IGC claims are subject to the Release.[10] Nor did he have anything to say about Amendment No. 2 to the agreement containing the Release, which was executed after one of the patents-in-suit had issued.[11] As a deponent designated under Fed. R. Civ. P. 30(b)(6), Morosoff had a duty to do more than rely on his memory. He had a duty to investigate. To remedy this situation, no later than March 27, 2014, IGC may take an additional 4 hours of deposition on the designated topics. To the extent any information discovered is relevant to the j2's pending summary judgment motion, IGC may request leave of Judge Whyte to supplement the record.

---

[6] *See, e.g., State Compensation Ins. Fund,* 70 Cal. App. 4th at 654 (waiver "does not include accidental, inadvertent disclosure of privileged information by the attorney." (citation omitted)).

[7] *See* Docket No. 135-1.

[8] *See* Docket No. 119-2 at. ¶¶ 2-10.

[9] *See id*. at ¶¶ 43-59.

[10] *See id*. at ¶ 12-13.

[11] *See id*. at ¶ 15-16.

3

Case No. 5:12-cv-03434-RMW (PSG)
ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL

1  **IT IS SO ORDERED.**

2  Dated:  March 20, 2014

3                                           PAUL S. GREWAL
                                         United States Magistrate Judge