**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTEGRATED GLOBAL CONCEPTS, INC., | Case No. C-12-3434-RMW |
| Plaintiff, | [Related Case No. 13-2971] |
| v. | **ORDER GRANTING DEFENDANTS'** |
| j2 GLOBAL, INC. and ADVANCED MESSAGING TECHNOLOGIES, INC. | **MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA** |
| Defendants. | [Re Docket No. 151] |

Defendants j2 Global, Inc. and Advanced Messaging Technologies, Inc. (collectively "defendants" or "j2") move to transfer venue to the Central District of California ("MTT"). Dkt. No. 151. Defendants also move to transfer related action *j2 Global, Inc. v. Integrated Global Concepts, Inc.*, Case No. 13-2971, (N.D. Cal. filed June 27, 2013) ("Case No. 13-2971") to the Central District of California.

Having considered the papers submitted by the parties and their arguments, for the reasons set forth below, the court GRANTS defendants' motion to transfer venue to the Central District of California.

ORDER TRANSFERING VENUE
Case No. C-12-3434; C-13-2971-RMW
WHL

- 1 -

## BACKGROUND

On April 20, 2012, j2 filed patent infringement claims in the Central District of California[1] alleging IGC infringed U.S. Patent Nos.6,208,638, 6,597,688, 7,020,132, and 6,350,066 patents ("3434 patents"). Declaration of Edward E. Johnson in Support of j2's MTT ("Johnson Decl."), Exh. D, Dkt. No. 151-1.[2] In response, relying on a forum selection clause in a prior Agreement of Understanding between the parties, IGC filed a breach of contract action in this district. Dkt. No. 1 (Complt. filed July 2, 2012). The Agreement of Understanding, according to IGC, contained a covenant by j2 not to sue IGC on the patents at issue.

On August 7, 2012, Judge Pregerson stayed the C.D. Cal. Action while j2 defended against IGC's breach of contract action before this court. j2 Exh. E.

On April 12, 2013, j2 filed patent infringement counterclaims to IGC's breach of contract claim. Dkt. No. 43. These counterclaims were the same 3434 patent infringement claims previously asserted in the C.D. Cal. Action. *See id.*; j2 Exh. D.

On June 27, 2013, j2 filed a new case in this court, alleging IGC infringed U.S Patent No. 6,020,980 ("'980 patent"). Case No. 13-2971, Dkt. No. 1.

Also, on June 27, 2013, because j2's counterclaims in Case No. 12-3434 were identical to the 3434 patent infringement claims in the C.D. Cal. Action, Judge Pregerson lifted the stay in the C.D. Cal. Action and dismissed the case. Declaration of James Heiser in Support of IGC's Response ("Heiser Decl."), Exh. 3, Dkt. No. 152-1.[3]

On July 22, 2013, Case No. 12-3434 and Case No. 13-2971 were related. Dkt. No. 59; Case No. 13-2971, Dkt. No. 10.

On August 29, 2013, IGC counterclaimed in Case No. 13-2971 alleging again that j2 breached the Agreement of Understanding. Case No. 13-2971, Dkt. No. 12.

---

[1] All further references to "C.D. Cal. Action" refer to j2's patent infringement action, *j2 Global, Inc. v. Integrated Global Concepts, Inc.*, Case No. 12-3439, (C.D. Cal. filed April 20, 2013).
[2] All further references to "j2 Exh." refer to Exhibits to the Johnson Decl..
[3] All further references to "IGC Exh." Refer to Exhibits to the Heiser Decl..

ORDER TRANSFERING VENUE
Case No. C-12-3434; C-13-2971-RMW
WHL
- 2 -

On October 18, 2013, this court granted IGC's motion to stay all proceedings on the patent claims and consolidate the breach of contract issues in both the 13-2971 and 12-3434 cases. Case No. 13-2971, Dkt. No. 34.

On March 21, 2014, this court granted j2's motion for summary judgment on the breach of contract claim/counterclaim finding the Agreement of Understanding did not cover j2's patent infringement claims. *See* Dkt. No. 139.

On May 22, 2014, defendants filed their MTT. Dkt. No. 151. In response, on June 5, 2014, IGC filed its Response. Dkt. No. 152. On June 12, 2014, j2 filed its Reply. Dkt. No.153.

On June 25, 2014 IGC filed a motion to stay in Case No. 13-2971 pending inter partes reexamination of the '980 patent. Dkt. No. 60.

On June 26, 2014 IGC filed a motion for summary judgment in Case No. 12-3434 on the basis of equitable estoppel, laches, and implied license. Dkt. No. 154. The motion to stay and motion for summary judgment do not impact the decision on the motion to transfer.

## ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district if: (1) the transferee court is one in which the action could have been filed; and (2) the transfer will promote the convenience of the parties and witnesses, and the interests of justice. *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013).

Under § 1404(a), the district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The court must weigh multiple factors in determining whether transfer is appropriate in a particular case. *Jones*, 211 F.3d at 498.

When determining whether a transfer is appropriate, courts may consider the following factors:

> (1) The location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in

ORDER TRANSFERRING VENUE
Case No. C-12-3434; C-13-2971-RMW
WHL

- 3 -

>   the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498 (citing *Stewart*, 487 U.S. at 29-31). Here, judicial economy, plaintiff's choice of forum, and the convenience of the witnesses are the relevant factors for the court to analyze.

### A. Preserving Judicial Economy

In the interest of judicial economy, a court may transfer a case to a district where a judge is already familiar with the underlying facts and legal issues, particularly if it is a technical patent case. *See e.g.*, *Eli Lilly & Co. v. Genentech, Inc.*, No. 13-CV-0919-YGR, 2013 WL 4396718, at *6 (N.D. Cal. Aug. 13, 2013) ("[I]n highly technical cases such as this one, judicial economy favors transfer to a court that has a working familiarity with the background technology or science.") (citing *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997)); *Cisco Sys., Inc. v. TiVo, Inc.*, No. C 12-02766 RS, 2012 WL 3279532, at *6 (N.D. Cal. Aug. 10, 2012) ("[I]n patent litigation 'in which several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues.'") (quoting *Regents*, 119 F.3d at 1565)).

Here, if the court grants defendants' MTT, this case and related action Case No. 13-2971 will be assigned to Judge Pregerson in accordance with the Central District of California's related case rule. *See* C.D. Cal. Local Rule 83-1.3.1(b) & (d). As j2 establishes, Judge Pregerson has extensive experience with the 3434 patents. Judge Pregerson has presided over eleven actions involving the 3434 patents, three *Markman* hearings concerning the 3434 patents, and has issued two Claim Construction Orders construing terms in all four of the 3434 patents. Johnson Decl. ¶¶ 9-10; j2 Exhs. A-B. Furthermore, Judge Pregerson has presided over three cases involving the '980 patent. Johnson Decl. ¶ 11.

Although Judge Pregerson has yet to construe the '980 patent, "Judge Pregerson's extensive experience with the fax-to-email related technology covered by the 3434 patents will be valuable in understanding the technology involved with the '980 [p]atent." MTT 7.

ORDER TRANSFERRING VENUE
Case No. C-12-3434; C-13-2971-RMW
WHL
- 4 -

IGC's strongest argument is that Judge Pregerson's lack of familiarity with the extensive dealings between the parties and IGC's services will work against the preservation of judicial economy if transferred, as this court is much more familiar with the parties and their services. Response 6. IGC specifically points out that Judge Pregerson's only familiarity with IGC is in staying and later dismissing j2's infringement claims, as IGC never filed an answer or counterclaim. IGC Exh. 3. IGC argues that its potential affirmative defenses – laches, implied license, and estoppel – relate to the parties' prior dealings, specifically the Agreement of Understanding and surrounding negotiations. Dkt. No. 152 at 1. This court has reviewed the Agreement of Understanding, its negotiation history, and interpreted terms of that contract. *See* Dkt. No. 139 (granting summary judgment based on interpretation of the Agreement of Understanding).

Nonetheless, in light of Judge Pregerson's extensive experience with the patents-in-suit and fax-to-email technology, judicial economy is best served by a transfer to the Central District of California.

The court recognizes that the granting of the motion to transfer will result in the 3434 patent cases being sent back to Judge Pregerson, who previously dismissed them because they were pending in this court. However, it appears that he dismissed them because he believed that litigation on the infringement issues would commence during the pendency of the breach of contract proceedings and, therefore, this court would gain substantial understanding of those issues before the conclusion of the breach of contract claims. Because this court stayed the infringement proceedings until resolution of the breach of contract claims, the court did not gain any significant understanding of the technology involved. In contrast, Judge Pregerson has significant exposure to the technical issues. Therefore, judicial economy can best be served by taking advantage of his substantial exposure to the technology involved.

### B. Plaintiff's Choice of Forum

Typically, strong preference is given to a plaintiff's choice of venue in deciding a § 1404 transfer motion, absent a strong showing from a defendant. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Here, j2 argues it should be permitted to litigate its patent infringement claims in its initially chosen forum for its 3434 patent infringement claims, i.e. the Central District of California. MTT 8. IGC responds that j2 chose to litigate its 3434 patent infringement claims in the Northern District of California by filing identical counterclaims in Case No. 12-3434. Response 6. IGC also points out that j2 initially filed its '980 patent infringement claims in the Northern District of California and not in the Central District of California. *Id.* at 6-7.

j2 replies that its 3434 patent infringement counterclaims in Case No. 12-3434 were arguably compulsory. Reply 2. j2 further argues that it only filed its '980 patent infringement claims in the Northern District of California to avoid unnecessary cost and expense in motion practice in the Central District of California because it anticipated that IGC would file a motion to transfer based on the forum selection clause in the Agreement of Understanding or file another breach of contract suit in this district. MTT 8-9. The court agrees that filing the '980 infringement claims in the Central District probably would have been futile in light of IGC's position on the forum selection clause in the Agreement of Understanding.

Because of the heavy weight typically given to a plaintiff's choice of venue in deciding a § 1404 transfer motion, the court finds j2's argument in favor of transferring venue to the Central District of California more compelling.

**C.  Convenience of the Forum for the Parties and the Witnesses**

The convenience of witnesses has been called the most powerful factor governing the decision to transfer a case. *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002). "Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify, and '[t]he convenience of witnesses is often the most important factor in resolving a motion to transfer.'" *Park*, 964 F. Supp. 2d at 1095 (quoting *Bunker v. Union Pac. R.R. Co.*, No. 05-04059, 2006 WL 193856 at *2 (N.D. Cal. Jan. 23, 2006)). A transfer may be appropriate where one party benefits with minimal cost to the opposing party. *Newegg, Inc. v. Telecommunication Sys.*, 2009 WL 1814461 at *3 (N.D. Cal. June 23, 2009).

j2 is headquartered in Los Angeles, California and IGC is headquartered in Chicago, Illinois. MTT 10. j2 argues that given IGC's headquarters are in Chicago, IGC will not be any more

inconvenienced litigating in the Central District of California than in the Northern District. *Id*. Furthermore, j2 alleges that "[a]ll of the likely witnesses – consisting of j2's employees, IGC's employees, and the inventors of the patents-in-suit – are located in either Los Angeles, Chicago, or a jurisdiction outside of California." *Id.* IGC responds that none of the inventors reside in Los Angeles, rather those who are living are scattered across the world. Response 7-8; IGC Exhs. 1, 2, 5, 6.

Although the court recognizes that the inventors of the patents-in-suit will likely benefit little, if at all, from a transfer of venue to the Central District of California, the court also recognizes that many other potential witnesses, specifically j2's employees, will benefit from the increased convenience of litigating closer to their homes. The court does not believe IGC will be inconvenienced by a transfer of venue from the Northern District to the Central District of California. Forum convenience for at least one of the parties and its witnesses suggest a transfer of venue to the Central District of California is appropriate.

## ORDER

For the reasons explained above, the court GRANTS defendants' motion to transfer venue to the Central District of California. IGC shall re-notice the motion to stay in Case No. 13-2971 and the motion for summary judgment in Case No. 12-3434 to Judge Pregerson.

Dated: June 27, 2014

Ronald M. Whyte
United States District Judge